PER CURIAM
*244 Defendant's cousin murdered defendant's great-grandmother. For his role in the offense, a jury convicted defendant of first-degree manslaughter. Defendant appeals, assigning error to the trial court's refusal to provide two special instructions on what is required to prove guilt on an aid-and-abet theory of criminal liability: an instruction informing the jury that an individual does not have "a legal duty to control the conduct of another person so as to prevent that other person from causing physical harm to another" or take action if they witness a crime occurring, and an instruction informing the jury that the "mere presence at or near the scene of a crime is insufficient evidence" to establish guilt. Defendant contends that the instructions were needed because there was a risk that the jury erroneously would find him guilty based on his mere presence during his cousin's commission of the crime or, alternatively, based on failure to assist his great-grandmother, that the instructions were correct statements of the law, and that defendant was prejudiced by their omission. The state argues that the instructions given adequately informed the jury of what was required to find defendant guilty as an accomplice, and sufficiently communicated to the jury that "mere presence" or failure to assist his great-grandmother would not be enough to convict. We agree with the state and, accordingly, affirm.
We review a trial court's refusal to give a requested jury instruction for errors of law, State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990), and "a trial court's choice among requested jury instructions that supply the same information for abuse of discretion," State v. Moore , 324 Or. 396, 427, 927 P.2d 1073 (1996).
The trial court instructed the jury that
"[a] person 'aids or abets' another person in the commission of a crime if that person, with the intent to promote or make easier the commission of the crime, encourages, procures, advises or assists by act or advice the planning [or] commission of the crime."
Under ORS 161.155, "[a] person is criminally liable for the conduct of another person * * * if * * * [w]ith the intent to *245 promote or facilitate the commission of the crime the person * * * [a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]" The given instruction correctly stated the law. It also sufficiently covered the substance of defendant's proposed instructions. By stating that aiding or abetting requires both (1) "the intent to promote or make easier the commission of the crime" and (2) conduct amounting to "encourag [ing], procur[ing], advis[ing] or assist[ing] by act or advice the planning or commission of the crime," the instruction adequately informed the jury that defendant's "mere presence" or failure to assist his great-grandmother was not enough to convict him for aiding and abetting her homicide. "It is not error for a trial court to refuse to give a requested instruction if the instruction given by the court, although not in the form requested, adequately covers the subject of the requested instruction." State v. Tucker , 315 Or. 321, 332, 845 P.2d 904 (1993). Because the trial court correctly instructed *776 the jury on what the state needed to prove under an aid-and-abet theory, it did not err or abuse its discretion by not giving the defendant's requested instructions.
Affirmed.